UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARIO DYRELL GODHIGH,

    Plaintiff,

v.    Case No. 5:18cv141-MCR-CJK

DANIEL WESTER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). After reviewing the complaint and plaintiff's litigation history, the court concludes this case should be dismissed under 28 U.S.C. § 1915(g) because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates a lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Godhigh v. Columbia C.I., et al.*, No. 3:17cv1229-HES-PDB (M.D. Fla. Nov. 16, 2017); *Godhigh v. LVS Sales, et al.*, No. 1:12cv23418-WMH (S.D. Fla. Nov. 14, 2012); *Godhigh v. Dade Corr. Inst., et al.*, No. 1:12cv24305-DLG (S.D. Fla. Feb. 22, 2013). The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections inmate number, DC# M28779.[*]

---

[*] Plaintiff failed to disclose any of these cases on the civil rights complaint form.

Case No. 5:18cv141-MCR-CJK

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The complaint alleges Captain Wester came to a confinement holding cell, called plaintiff a "son of an bitch" and a "motherfucker," and said "he'll knock [plaintiff's] teeth in back of [his] head." These allegations are not sufficient to show plaintiff is under imminent danger of serious physical injury or that he has a viable claim. *See Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 35 (3d Cir. 2010) ("Verbal harassment of a prisoner, without more, does not violate the Eighth Amendment."); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (Inmate's "allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim."); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("[M]ere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations.") (*quoting Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977)). Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of June, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 5:18cv141-MCR-CJK